**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| ADALBERTO MEDA-DIAZ, | No. 21-1164 |
| Petitioner, | Agency No. A088-931-879 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2025**
Pasadena, California

Before: IKUTA and CHRISTEN, Circuit Judges, and LIBURDI, District Judge.***

Adalberto Meda-Diaz petitions for review of the decision of the Board of

Immigration Appeals (BIA) dismissing his appeal of an order of the immigration

judge (IJ) denying his application for cancellation of removal.  We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *Wilkinson v. Garland*, 601 U.S. 209, 212 (2024). We deny the petition.

Substantial evidence supports the agency's determination that Meda-Diaz did not demonstrate that his removal would result in "exceptional and extremely unusual hardship" to his youngest daughter, who was his only qualifying relative. *Gonzalez Juarez v. Bondi, —* F.4th — (9th Cir. 2025). The emotional hardship his daughter would experience were Meda-Diaz removed is not substantially beyond what would normally result from an alien's deportation, because emotional hardship attends most removals. *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005). The evidence thus does not compel the conclusion that she would experience exceptional and extremely unusual hardship. *Gonzalez Juarez*, — F.4th —. Meda-Diaz's separate argument that the agency was required to consider the 14 factors enumerated in 8 C.F.R. § 1240.58 fails. Those 14 factors apply to a different standard ("extreme hardship") governing a different determination (suspension of deportation), which we have described as less demanding. *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003).

Meda-Diaz's remaining arguments are foreclosed by binding precedent. *Mendez-Garcia v. Lynch* rejected the argument that a delay in adjudicating an application for cancellation of removal that results in the aging-out of a qualifying

relative constitutes a due process violation. 840 F.3d 655, 666 (9th Cir. 2016).

Finally, his argument that a defective notice to appear renders a removal

proceeding "void ab initio" fails. *See United States v. Bastide-Hernandez*, 39 F.4th

1187, 1188 (9th Cir. 2022) (en banc).

**PETITION DENIED.**